IMPERIAL EMPIRE TRADING CO., INC., A NEBRASKA CORPORATION, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.

524 N.W.2d 314

Filed December 2, 1994.    No. S-93-082.

Richard L. Anderson and Robert S. Lannin, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C., for appellant.

Herbert M. Fitle, Omaha City Attorney, Thomas O. Mumgaard, and Mary M. Elliston for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

WHITE, J.

Imperial Empire Trading Co., Inc. (Imperial), appeals from the order of the district court awarding only nominal damages for the conversion and wrongful destruction of property seized by the City of Omaha (City).

On November 25, 1988, Omaha police received a phone call from one of Imperial's former employees informing them that Imperial had in its possession electronic devices used to unscramble cable television signals; the employee also informed police that Imperial had been selling these devices.

The police obtained a warrant to search Imperial's property. The police search produced more than 200 items that it thought constituted contraband.

Imperial was charged with theft of services. Imperial moved to suppress the seized property, and the county court granted Imperial's motion. The police concluded that the property seized represented contraband and, without notifying Imperial or obtaining court approval, destroyed the electronic devices. The charges against Imperial were subsequently dismissed. Imperial thereafter instituted this action against the City for conversion and wrongful destruction of property.

The district court held that the City was liable for both conversion and wrongful destruction of property, but concluded that no lawful market existed outside the cable industry for the destroyed property. The district court therefore awarded Imperial $1 in nominal damages. Imperial appealed to the Nebraska Court of Appeals. We removed this case from the Court of Appeals pursuant to our authority to regulate the caseloads of the appellate courts.

Imperial contends that the district court erred in awarding it only nominal damages based on the district court's erroneous determination that no lawful market existed for the seized property. The district court's determination that no lawful market existed outside the cable industry was factual. A district court's factual determination in a bench trial in an action at law has the same effect as a jury verdict and will not be set aside unless clearly wrong. *Woodmen of the World Life Ins. Soc. v. Kight, ante* p. 619, 522 N.W.2d 155 (1994); *Heese Produce Co. v. Lueders,* 233 Neb. 12, 443 N.W.2d 278 (1989). In the case at bar, the district court's factual determination that no lawful market existed was clearly wrong.

The record establishes that a lawful market did in fact exist for the property seized by the City. The evidence shows that (1) the equipment was listed in consumer catalogs for sale to the general public, (2) Imperial's competitors also advertised in these catalogs, (3) this equipment could be purchased on the open market either individually or in bulk, (4) consumers could use their own equipment and those who did would receive a $1-per-month credit for using their own equipment, (5) the

value to Cox Cable Omaha of a descrambler is $250, (6) a market for this equipment exists outside the cable industry, (7) possession of such equipment is lawful, (8) the market for this equipment is not declining due to wireless cable equipment, and (9) only the ultimate use of this equipment may be unlawful, not its sale. In light of this evidence admitted at trial, we are compelled to conclude that the district court clearly erred in finding that no lawful market existed outside the cable industry.

Since the City's actions in destroying the property it had seized from Imperial constituted a conversion, Imperial must be properly compensated for its loss. "The measure of damages for conversion is the market value of the converted property at the time of the conversion." *Chadron Energy Corp. v. First Nat. Bank*, 221 Neb. 590, 603, 379 N.W.2d 742, 750 (1986). Therefore, the judgment of the district court is affirmed in part and reversed in part, and the cause is remanded for determination of the proper amount of damages.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTION.

LANPHIER, J., not participating.